IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–000835–REB–KMT

ANDREW PHILLIP ELLIOTT,

      Petitioner,

v.

JAMES E. ABBOTT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 ("Application") (Doc. No. 3, filed April 24, 2007). Pursuant to the Order of Reference dated June 19, 2007 (Doc. No. 12), this court has reviewed the Application, Respondents' Answer ("Answer") (Doc. No. 18, filed July 10, 2007),[1] the pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

---

[1] Doc. No. 18 is actually titled a "Motion for Extension of Time." This appears to be an error on the part of the Respondents. The substance of the pleading clearly is an Answer to Petitioner's Application, and the court treats it as such herein.

## I.     BACKGROUND

Petitioner is currently incarcerated at the Colorado Territorial Correctional Facility of the Colorado Department of Corrections in Cañon City, Colorado. (Application at 9.) On September 2, 1998, a jury found Petitioner guilty as charged of two counts of second degree burglary, one count of felony theft, and one count of misdemeanor theft. (*Id.* at 1–2.) The trial court adjudicated him as a habitual criminal and sentenced Petitioner to forty-eight years in prison. (Answer at 1.)

Petitioner took a direct appeal raising issues unrelated to the present Application. (Answer, Ex. A.) The Colorado Court of Appeals affirmed the conviction as to all counts. (Answer, Ex. C.) On April 23, 2001, the Colorado Supreme Court denied Petitioner's Application for Writ of Certiorari. (Answer, Ex. D.) Respondents assert that, on September 4, 2001, Petitioner filed a motion for postconviction relief under Colo. R. Crim. P. 35(c) raising, among other claims, numerous allegations of ineffective assistance of counsel, including the same allegations raised in the present Application. (Answer, Ex. E.) The trial court denied Petitioner's rule 35(c) motion on November 29, 2001. (Answer, Ex. H at 3.) Petitioner did not subsequently appeal this order, but rather in April 2002, along with several other motions, filed another postconviction motion raising issues unrelated to the present Application. (*Id.* at 1.) The trial court denied this subsequent motion on October 23, 2002. (Answer, Ex. G, App.) Petitioner then appealed the trial court's denials of both the September 2001 and April 2002 postconviction motions. (Answer, Ex. F.) After affirming the trial court's ruling as to the April 2002 postconviction motion, the Colorado Court of Appeals held that review of Petitioner's

appeal of the September 2001 postconviction motion was barred for failure to file a timely notice of appeal under Colorado Appellate Rule ("C.A.R.") 4(b)(1).  (Answer, Ex. H.)  On June 14, 2004, Petitioner sought certiorari review of the Court of Appeals' determination as to the April 2002 motion; he did not seek review of the Court of Appeals' determination that appeal of the September 2001 motion was untimely.  (Answer, Ex. I.)  The Colorado Supreme Court denied certiorari on September 27, 2004.  (Answer, Doc. J.)

Finally, in December 2004, Petitioner filed a third postconviction motion that alleged ineffective assistance of counsel, again asserting that his trial counsel failed to adequately prepare for trial, and also asserting that he failed to claim Petitioner was mentally deficient at the time of commission of his crimes.  (Answer, Ex. M at 4.)  The trial court denied this motion as time barred.  (*Id*. at 2.)  The Colorado Court of Appeals affirmed, albeit on the different grounds, holding that Petitioner's motion was barred as a successive motion under Colo. R. Crim. P. 35(c)(3)(VI) as it raised the same or similar issues raised in Petitioner's prior postconviction motions.  (*Id*. at 2–4.)  Petitioner's Application for certiorari was denied by the Colorado Supreme Court on March 26, 2007.  (Answer, Ex. O.)

Petitioner filed his present Application on April 4, 2007 in this court once again claiming that his trial counsel was ineffective, this time concerning his trial preparation.  Petitioner claims that he had appealed this issue following the trial court's denial of his first postconviction motion.

## II.     LEGAL STANDARDS

### A.     Pro Se *Petitioner*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Petitioner can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a Petitioner's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Petitioner in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     Title 28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to Federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of Federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Petitioner bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

## III.   ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. §2244(d)(1).

## IV.   PROCEDURAL DEFAULT

Respondents argue this court should dismiss Petitioner's Application because the underlying claims have been procedurally defaulted due to the failure of Petitioner to timely file a notice of appeal from the trial court's order denying his September 2001 motion claiming ineffective assistance of counsel. (Answer at 7.)

Federal habeas review is generally barred where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993). A state procedural rule is independent if it clearly relies on state law, rather than federal law, as the basis for a decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural rule is adequate if it is "strictly or regularly followed," and the state court applies it "evenhandedly to all similar claims." *Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995) (internal citations omitted). In dismissing Petitioner's appeal of his September 2001 postconviction motion, the Colorado Court of Appeals relied solely and unequivocally on Petitioner's failure to comply with the C.A.R. 4(b)(1) requirement that a notice of appeal must be filed within forty-five days after entry of the order being appealed. C.A.R 4(b)(1) has been

applied uniformly and evenhandedly in cases featuring an appeal of Colo. R. Crim. P. 35 postconviction motions. *See, e.g.*, *People v. Banuelos-Landa*, 109 P.3d 1039, 1041 (Colo. App. 2004); *People v. Adams*, 905 P.2d 17, 18 (Colo. App. 1995). This court finds, the ineffective assistance of counsel claims raised in Petitioner's present Application are duplicative of the claims raised in his September 2001 postconviction motion. Thus, the Colorado Court of Appeals' holding that Petitioner defaulted his September 2001 postconviction motion by failing to comply with C.A.R. 4(1)(b) constitutes an independent and adequate state ground to bar this court from reviewing his present Application.

## V.     *EXCEPTIONS TO PROCEDURAL DEFAULT*

The court must next determine whether an exception to the procedural default rule applies that would allow Petitioner's claims to be heard here. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or, alternatively, that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50; *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Petitioner's *pro se* status does not exempt him from the requirement of showing either cause and prejudice or a fundamental miscarriage of justice. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

In order to meet the "cause" element of the cause and prejudice standard, a petitioner must show that "some objective factor external to the defense" caused his failure to properly

raise his federal constitutional claims in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Lepiscopo*, 38 F.3d at 1130.  Petitioner does not claim and the record here fails to suggest the presence of any extrinsic, objective factor that may have caused Petitioner's failure to timely notice his appeal from the November 29, 2001 order denying his September 2001 postconviction motion.

The far more stringent test to excuse a procedural default is the fundamental miscarriage of justice exception, which is an "extremely narrow exception, implicated only in an extraordinary case, 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray*, 477 U.S. at 496)). To invoke the fundamental miscarriage of justice exception, a petitioner must "provide[] the court with a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 928  n.3 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).  Petitioner does not make a "colorable showing of factual innocence"; rather, he makes only a conclusory assertion that the alleged ineffective assistance of counsel "probably resulted" in an erroneous conviction.  This court finds there are no factual allegations in the Application to support this claim.

Therefore, because neither the cause and prejudice or the miscarriage of justice exceptions apply to Petitioner, his claim of ineffective assistance of counsel raised in the present Application was procedurally defaulted pursuant to an independent and adequate state procedural rule, and is therefore barred in this court as well.

### *VI.     DECEMBER 2004 POSTCONVICTION MOTION*

Lastly, Respondents argue that, to the extent that Petitioner's Application raises the claims asserted in his December 2004 postconviction motion, those claims are barred here for failure to comply with Colorado's rule barring successive post conviction motions. (Answer at 7.) Petitioner's December 2004 postconviction motion asserted that his trial counsel was ineffective because, as alleged in the September 2001 motion, he failed to adequately prepare for trial, and also because he failed to offer a "not guilty by reason of insanity plea." (Answer, Ex. M at 4.) The former claim is barred in this court for the reasons outlined above. As to the latter claim, the court has reviewed Petitioner's Application and finds that it does not assert a claim of ineffective assistance of counsel for failure to offer a "not guilty by reason of insanity" plea. Therefore the court does not address the issue of whether this claim is also barred.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, Petitioners waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of May, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge