**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-00835-REB-KMT

ANDREW PHILLIP ELLIOTT,

    Applicant,

v.

JAMES E. ABBOTT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER DENYING PLAINTIFF'S MOTION TO
RECONSIDER PURSUANT TO RULE #59(E)**

**Blackburn, J.**

The matter before me is petitioner's **Motion To Reconsider Pursuant to Rule # 59(e)** [#45] filed August 18, 2009.  I deny the motion.

On July 27, 2009, I approved and adopted the magistrate judge's recommendation that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.  (*See* **Order Adopting Recommendation of the United States Magistrate Judge** [#43] entered July 27, 2009.)  Accordingly, judgment in favor of respondents was entered on July 30, 2009 [#44].  Petitioner avers that he received my order on or about August 5, 2009, and the certificate of mailing states that petitioner placed the instant motion in the mail on August 7, 2009.  Thus, although the motion was not received for filing and docketed until August 19, 2009, considering plaintiff's incarceration and *pro se* status, I consider it timely under Rule 59(e).  *See* **FED.R.CIV.P.** 59(e) (motion to alter or amend the judgment must be made

within ten days of entry of judgment); **see also Belcher v. Loftness**, 2005 WL 3263948 at *1 n.2 (D. Kan. Dec. 1, 2005) (noting that standard for relief under Rule 59(e) is more lenient than that under Rule 60(b)), **aff'd** 216 Fed.Appx 821 (10th Cir. Feb. 20, 2007).

Nevertheless, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). None of these circumstances pertains here. Instead, petitioner devotes the bulk of his motion to describing why he did not file objections to the magistrate judge's recommendation. Significantly, however, he does not proffer or attempt to proffer any cogent, substantive countervailing arguments to undermine the magistrate judge's well-reasoned and persuasive recommendation. Moreover, although petitioner states that he "can relate . . . the deficiencies in his particular case caused by his defense counsel at the trial court level" (Motion ¶ 9 at 2), he provides no substantiation for that claim, nor does he confront the fact that this case was dismissed largely on procedural, not substantive, grounds.

Accordingly, petitioner's motion for reconsideration must be denied.

**THEREFORE, IT IS ORDERED** that petitioner's **Motion To Reconsider Pursuant to Rule # 59(e)** [#45] filed August 18, 2009, is **DENIED**.

Dated September 28, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge